### No. 3150

### Second Circuit

---

### BAKER v. POLICE JURY OF CADDO PARISH, LA.

---

(March 14, 1928.   Opinion and Decree.)
(May 22, 1928.   Rehearing Refused.)

---

(*Syllabus  by  the  Editor.*)

1.  **Louisiana  Digest—Expropriation — Par. 78;  Appeal—Par. 637.**
The finding of the trial court as to the amount of damage sustained by land owner due to expropriating land for a road and abandoning an old road on his property for which he was given credit being insufficient, is increased.

Appeal from the First Judicial District Court, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by F. A. Baker against Police Jury of Caddo Parish, Louisiana.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Wilkinson, Lewis and Wilkinson, of Shreveport, attorneys for plaintiff, appellant.

A. M. Pyburn; Thigpen, Herold, Lee and Cousin, of Shreveport, attorneys for defendant, appellee.

WEBB, J. The plaintiff, F. A. Baker, alleging that the Police Jury of the Parish of Caddo, acting under section 3369 of the Revised Statutes, laid out a road or highway through his property and assessed the damages due plaintiff at four hundred dollars, institutes this action to increase the amount of the damages fixed by the Police Jury acting through the Jury of Freeholders, in which he alleges that the value of the land sought to be taken is twelve hundred and fifty dollars, and that the damages which will result from the construction of the road will amount to seven hundred and fifty dollars; consisting of the cost of building and maintaining fences along the roadway, and diminution of the value of the land.

The defendant answered, alleging that it had merely changed the location of the highway on the plaintiff's property and the land covered by the old highway would be abandoned to plaintiff, and admitting that the damage had been assessed by Jury of Freeholders as alleged by plaintiff, and that the damages awarded were sufficient.

On trial, judgment was rendered in favor of plaintiff increasing the amount of damages to five hundred and sixty dollars and condemning and expropriating for road purposes the land included in the roadway as laid out by the Jury of Freeholders, and ordering the land covered by the old roadway abandoned, from which judgment plaintiff appealed, and defendant has answered the appeal, praying that the judgment be amended and the damages fixed at the amount awarded by the Jury of Freeholders.

The proceedings, as stated, were initiated under the provisions of the Revised Statutes, section 3369, et seq., but the report of the Jury of Freeholders selected to lay out the road and assess the damages was not filed in evidence, and the parties apparently conceding that the Jury of Freeholders was bound to fix the damages under the general law relative to expropriating property for public use, have proceeded in determining their rights with relation to the general rule.

The damages claimed, as stated, are, the value of the land to be taken, and diminution of the value of the remaining property, the latter being based upon the cost of building and maintaining fences along the roadway, and the claim that a small portion of the land would be segregated from the balance of the tract owned by plaintiff, and rendered inaccessible, and plaintiff, while denying that the claim for fences, etc., should be allowed, claims that in any event the benefit to result from the abandonment of the old road, should be deducted from the damages.

Conceding, without deciding, that the abandonment of the old road would be such a benefit as could be pleaded against the damages claimed, the burden of proof would be upon the plaintiff to show the benefit and its extent, and assuming that the plaintiff had a right or servitude on the land on which the old road was situated, the servitude would be limited to the extent of the width of twenty-five feet (R. S., Sec. 3371) in default of evidence to the contrary, and would not cover the area shown between the approximately parallel

lines indicated by the fences along the old roadway, as shown by the map and plat filed in evidence, and the evidence is not sufficient to fix the value of the benefit claimed.

On the question of damages, while the evidence was conflicting as to the value of the land to be taken, varying from thirty-five to one hundred dollars, per acre, we are of the opinion that the preponderance of the evidence supports the finding of the court, fixing the value at approximately fifty dollars per acre.

The cost of fencing should be allowed. (Street vs. N. O. etc. Rt. Co., 43 La. Ann. 116, 9 So. 15) and although plaintiff contends that the evidence offered by defendant showed that the cost was greater than he claimed, and that he should be awarded the greater amount, we find that the evidence to which plaintiff refers is not definite, and at most could be said to be a rather general statement tending to support of plaintiff, and that the amount for cost of fencing is fixed at four hundred dollars.

The evidence as to repairs, related to the necessity of replacing posts at a period estimated to be some ten or twelve years in the future, and we think it is too remote in fixing the diminution of value, and we also find that the evidence offered in support of the diminution in value of the land by reason of a portion thereof being segregated from the balance of the land of plaintiff, is too vague and indefinite to serve as the basis of a judgment, and further that the map and plan filed in evidence does not indicate that the property will be rendered less accessible by reason of the change in the roadway.

We find that the damages shown amount to eight hundred and fifty dollars, and the judgment should be amended so as to increase the amount awarded from five hundred and sixty dollars to eight hundred and fifty dollars, and it is ordered that the judgment be thus amended and as amended affirmed at plaintiff's cost.